FILED
SUPERIOR COURT
OF GUAM

2023 APR 26 AM 9: 31

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,

          vs.

BRUCE PASCUAL CHARFAUROS,
Defendant.

)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO.: CF0686-22

**DECISION AND ORDER
DENYING MOTION TO DISMISS
INDICTMENT FOR VIOLATION OF
SPEEDY TRIAL RIGHT**

**I.**
**INTRODUCTION**

This matter came before the Honorable Maria T. Cenzon on Defendant Bruce Pascual Charfauros's Motion to Dismiss Indictment (the "Motion"), filed on January 17, 2023, alleging a violation of Defendant's statutory speedy trial rights under 8 GCA § 80.60. The Defendant is represented by Attorney Terry E. Timblin. Assistant Attorney General Matthew M. Shuck filed the People's Opposition to Defendant's Motion to Dismiss on January 19, 2023. Defendant filed his Reply to the Opposition on January 31, 2023. The Court determined that oral argument was not necessary. Having considered the Motion and the arguments presented on the record of this matter as well as the applicable case law, the Court issues the following written Decision and Order DENYING Defendant's Motion and setting **Jury Selection** to commence on **May 1, 2023** at **2:00 PM**. A pre-trial conference shall be held on **April 28, 2023, at 2:00 PM.**

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 1 of 14

## II.

## RELEVANT PROCEDURAL HISTORY

The question of whether the Defendant's statutory right to speedy trial has been violated requires a careful review of the procedural history of the case. If, upon calculating the time which has elapsed from the assertion of Defendant's right to speedy trial it is determined that it falls outside of the 45-days applicable here, then the second question is whether "good cause" exists to justify such violation.

On November 17, 2022, Defendant was charged with the following crimes via an Indictment:

1. **CHARGE ONE:** Home Invasion (As a 1st Degree Felony), Notice: Commission of a Felony While on Felony Release, Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;

2. **CHARGE TWO:** Possession of a Schedule II Controlled Substance With Intent to Deliver (As a 1st Degree Felony), Notice: Commission of a Felony While on Felony Release;

3. **CHARGE THREE:** Burglary (As a 2nd Degree Felony), Notice: Commission of a Felony While on Felony Release, Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;

4. **CHARGE FOUR:** Terrorizing (As a 3rd Degree Felony), Notice: Commission of a Felony While on Felony Release, Special Allegation: Possession or Use of a Deadly Weapon in the Commission of a Felony;

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 2 of 14

5. **CHARGE FIVE:** Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony), Notice: Commission of a Felony While on Felony Release;

6. **CHARGE SIX:** Possession of a Concealed Firearm Without a Valid Firearm Identification Permitting Conceal (As a 3rd Degree Felony), Notice: Commission of a Felony While on Felony Release;

7. **CHARGE SEVEN:** Possession of a Firearm Without A Guam Firearm Identification Card (As a 3rd Degree Felony), Notice: Commission of a Felony While on Felony Release;

8. **CHARGE EIGHT:** Unlawful Discharge of a Firearm (As a Misdemeanor);

9. **CHARGE NINE:** Criminal Mischief (As a Misdemeanor).

Defendant was arraigned on December 1, 2022, and asserted his right to speedy trial on the same date. Because he was confined in this case, the Court was required to bring the matter to trial within 45-days of his assertion, or by **January 16, 2023** (as January 15, 2023 fell on a Sunday). On December 2, 2022, this Court issued its **Criminal Trial Scheduling Order [ASSERTED]** setting jury selection and trial on **January 11, 2023 at 9:30 AM**. A pre-trial conference was scheduled for January 6, 2023 at 9:00 AM. At the time, Defendant was represented by Alternate Public Defender Brycen J. Breazeale.

On December 5, 2022, however, Mr. Breazeale filed an *Ex Parte Motion to Withdraw As Court-Appointed Counsel* on the grounds that "the Defendant's interest is in direct conflict with another APD client, namely Christopher A.R. Dydasco. APD represents Mr. Dydasco in CF487-19, which is in Pre-trial Status. In the above matter, Mr. Dydasco, is named in the Police Report as a possible witness. Based on the foregoing circumstance, there is a conflict of interest that exist

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 3 of 14

between the APD and the defendant, BRUCE PASCUAL CHARFAUROS that implicate, inter alia, Rule 1.7 and 1.9 of Guam's Rules of Professional Conduct warranting APD's request to withdraw as counsel." *Ex Parte Mot. to Withdraw* (Dec. 5, 2022). The People filed a Non-Opposition to the Motion and, finding good cause on the basis of the defendant's right to conflict-free counsel, the Court appointed Attorney Sam Teker in Breazeale's stead on the same date. *Order Granting Withdrawal and Appointment of Counsel* (Dec. 5, 2022).

The People filed its Exhibit List on December 30, 2022, its Witness List on January 3, 2023, and on January 6, 2023 submitted its Proposed Voir Dire and Proposed Jury Instructions. All submissions were timely made as required under the Court's Criminal Trial Scheduling Order. The People are ready for trial.

However, on January 5, 2023, Mr. Teker filed a *Motion To Withdraw and Appointment of New Counsel* together with the requisite notice. As the basis of his Motion, Mr. Teker cited to Guam Rules of Professional Responsibility Rule 1.16 and indicated the following supporting factual basis:

> The undersigned's father, Lawrence James Teker, Esq. passed away on January 2, 2023, in Oregon. The undersigned in not in a position to conduct a trial at this time and is required to travel to Oregon to settle affairs. It would be in the best interest of defendant to have a lawyer who is not distracted by the passing of his father and the undersigned believes that good cause for withdrawal exists. The undersigned requests that this Court find good cause to toll the speedy trial clock and allow withdrawal as it would be in the best interest of defendant to appoint new counsel."

*Mot. to Withdraw and Appointment of New Counsel* at p. 2 (Jan. 5, 2023). The Court addressed Mr. Teker's Motion to Withdraw at the earliest possible time on January 6, 2023, at the Pre-Trial Conference of this matter, and, finding good cause under the circumstances, Defendant's current

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 4 of 14

counsel Attorney Timblin was appointed in Mr. Teker's stead. *Ntc. of Court Appointed Counsel* (Jan. 6, 2023).

The Court also tolled the speedy trial clock as of that date – January 6, 2023 – on the basis that new counsel would have to receive the notice of his appointment, receive all discovery in the case and conduct a conflict-of-interest check. At the time of his appointment, the only attorneys on the Private Attorney Panel (PAP) for indigent legal counsel were Mr. Teker and Mr. Timblin. See Appendix B to MR 1.1 of the Local Rules of the Superior Court of Guam (the Private Attorney Panel (PAP)(as of December 28, 2022). The Court then continued the Pre-Trial Conference to January 10, 2023, a mere 4 days later. *Minutes of 1/6/23 Pre-Trial Conference and Mot. To Withdraw and Appointment of New Counsel* at 9:47:38 AM to 9:51:53 AM (Jan. 6, 2023).

On January 10, 2023, Attorney Timblin appeared with the Defendant but still had not spoken to his client and indicated he would "try to get [to DOC] by Friday [January 13]." *Minutes of 1/10/23 Pre-Trial Conference* at 9:55:30 AM to 10:01:05 AM (Jan. 10, 2023). The Court stated that the speedy trial clock continued to be tolled; however, the Court still issued dates for trial which considered Defendant's demand for a speedy trial.[1] Although the court relieved him from representing Defendant, Attorney Teker was also present during the hearing and requested that the People provide Attorney Timblin with the People's Witness List and all jury instructions as well as an offer to resolve the matter without trial. *Id.* The Court then scheduled a Further Proceedings hearing for January 13 – three days later – and had Defendant brought to court *in person* so that he might speak with counsel prior to the hearing if Mr. Timblin was unable to meet

---

[1] Criminal Trial Scheduling Order [Asserted] (Jan. 11, 2023) setting trial for January 23, 2023; but bringing the matter for further proceedings on January 13, 2023.

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **5** of **14**

with him at the Department of Corrections. Mr. Timblin met with Defendant in the court's holding cell area prior to the January 10 hearing.

During the hearing on January 13, Mr. Timbin was present with the Defendant and he affirmed his client's desire to proceed with trial on an asserted basis; however, counsel also raised issues relating to the dismissal of certain charges, the witnesses' reluctance to testify at trial, the severing of charges and also orally requested a dismissal of the case for speedy trial violations. *Hrg. of 1/13/23* at 10:06:39 AM to 10:18:08 AM. None of these requests were properly before the Court by written motion, as required under the Guam Rules of Criminal Procedure and Local Rules of the Superior Court of Guam. Therefore, the Court required briefing on the dispositive matter. Defendant was then ordered to submit the written motion to dismiss for speedy trial violations by the close of business on January 13, which counsel agreed he would be able to do. *Id.* The parties all agreed that such filing of a dispositive motion would toll the speedy trial clock. Defendant's Motion was not filed until January 17, 2023; however, the Court considers the oral motion made during the hearing on January 13 to have effectively continued the tolling of the statute.

On January 18, 2023, the Court held a hearing on the Motion to Dismiss and Pre-Trial Conference, during which Mr. Timblin stated he had not yet received the People's Opposition. *Minutes of 1/18/23 Motion Hrg. And Pre-Trial Conference* at 9:15:46 AM to 9:51:53 AM (Jan. 6, 2023). The People indicated through Assistant Attorney General Minji Kim that the People had filed its Opposition that morning (January 18). *Id.* The Court deemed it necessary to review all responsive pleading before making a determination on the Motion to Dismiss and gave defense counsel until January 31, 2023 in which to file a Reply. During the hearing, the Court reiterated

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **6 of 14**

that the filing of the dispositive motion to dismiss tolled the speedy trial clock, citing to *Ungacta v. Superior Court*, 2013 Guam 29. The Court vacated jury selection and trial. *Id.*

The Court now considers the substance of Defendant's Motion.

## III.

## LAW AND ANALYSIS

### A. Defendant's Speedy Trial Rights Under 8 G.C.A. §80.60 Have Not Been Violated.

8 G.C.A. § 80.60 (a)(2) provides that, unless good cause is shown, a defendant who is in custody must be brought to trial within forty-five (45) days after his arraignment. However, a case will not be dismissed on this ground if good cause is shown for failure to commence trial within the stated time limits. *People v. Mendiola*, 2015 Guam 26 ¶ 28 (citing 8 GCA Sect. 80.60(b)(3)). "If a defendant is not brought to trial within the time prescribed and no good cause is shown, the trial court must dismiss the indictment." *Guam v. Flores*, 2009 Guam 22 ¶ 23 (citing 8 G.C.A. § 80.60). "[W]hether there is good cause for delay depends on the facts and the circumstances of each case, and there is no bright-line rule for how much time a court may reasonably take to consider a motion." *Quinata v. Superior Court of Guam*, 2010 Guam 8 ¶ 36 (citing *Nicholson v. Super. Ct. (People)*, 2007 Guam 9 ¶ 13). "'What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court.'" *Flores*, 2009 Guam 22 ¶ 32 (quoting *People v. Johnson*, 606 P.2d 738, 746 (Cal. 1980)). Certain general principles have evolved:

> 'The courts agree, for example, that delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss.' Delay for the defendant's benefit also constitutes good cause. 'Finally, delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal.' Delay attributable to the fault

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 7 of 14

of the prosecution or improper court administration, however, does not constitute good cause.

*Id.* (internal citations omitted). *See also, People v. Guerrero,* 2017 Guam 5.

"Good cause" is not statutorily defined; but the Guam Supreme Court recognizes case law as defining this legal term and is "determined by the facts and circumstances of each case." *People v. Guerrero,* 2017 Guam 5 ¶ 16 (citing *Julian,* 2012 Guam 26 ¶ 21). The Court's discretion "is abused only when an allowance of delay 'exceeds the bounds of reason, all of the circumstances before it being considered.'" *Id.* The Guam Supreme Court has also recognized that "delay arising from unforeseen circumstances" may justify the invocation of subsection (b)(3) [of 8 GCA Sect. 80.60]." *Id.* at ¶ 17.

The Court finds that the need to appoint conflict-free counsel as well as the unforeseen circumstances of Attorney Teker's father's untimely death requiring Attorney Teker to immediately depart off-island form the basis of the delay constituting "good cause." As established by the procedural history herein, the Court acted diligently in the administration of this case in response to the appointment of Defendant's counsels so as to cause as little delay as possible in the administration of its proceeding.

At the time of Mr. Timblin's appointment to represent Defendant on January 6, 2023, the Private Attorney Panel (PAP) from which indigent counsels could be appointed to represent a defendant in a criminal case pursuant to MR 1.1.3 of the Local Rules of the Superior Court of Guam had shrunk down to two attorneys: Mr. Teker and Mr. Timblin.[2] Thus, it was necessary for

---

[2] Appendix B, Private Attorney Panel (PAP)(As of December 28, 2022). By January 20, 2023, Mr. Timblin sought to be removed from the PAP, which request was granted by the Guam Supreme Court. Appendix B, Private Attorney Panel (PAP)(As of January 31, 2022)(indicating Attorney Samuel S. Teker and James Spivey on the felony PAP panel).

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **8** of 14

Mr. Timblin to review the discovery in this case and to determine whether he could provide conflict-free indigent representation. The Court permitted him four (4) days from January 6 (the date on which he was appointed) to January 10 (the date of the pre-trial conference) in which to make a determination. On January 10, Mr. Timblin had still not met with his client, so the Court permitted him three (3) days until January 13, in which to meet with and confirm his ability to represent Defendant. The Court counts these days as part of the tolling period beginning with the filing of Mr. Tekker's Motion and order appointing Mr. Timblin, both of which occurred on January 6.

It cannot be overlooked that the Defendant in this case is facing **NINE (9)** criminal charges, seven of which are felonies (including two 1st degree felonies, one 2nd degree felony, and four 3rd degree felonies) and two misdemeanors. Additionally, Defendant faces Special Allegation charges of Possession or Use of a Deadly Weapon in the Commission of a Felony and Commission of a Felony while On Felony Release. Additionally, twenty-two (22) witnesses have been identified by the Prosecution. Although the Court does not have any discovery before it, the Court assumed that Mr. Timblin would need careful and adequate review of the witness list and discovery before determining whether it could provide adequate and conflict-free representation within the time provided in the Court's Scheduling Order.

On January 13, Mr. Timblin affirmed that Defendant wished to continue to assert his right to speedy trial; however, on that date, Mr. Timblin also orally moved to dismiss this case on the grounds of a statutory speedy trial violation. All of the parties agreed that this dispositive motion is grounds for the tolling of the speedy trial clock. The Court now considers the time in which the speedy trial clock ran as well as the periods in which it was tolled, in considering this motion:

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **9** of 14

- Defendant asserted his right to speedy trial at arraignment on **December 1, 2022**. Alternate Public Defender represented him until the filing of Mr. Breazeale's Motion to Withdraw and the Court's Order Appointing Mr. Teker, both of which occurred on December 5, 2022. *No time was tolled.*

- The 45th day in which the Court had to take the matter to trial under 8 GCA § 80.60(a)(2) is **January 15, 2023**. Because the 45th day fell on a Sunday, the Court had until **January 16, 2023** in which to bring the matter to trial. The Court set the trial of this matter for **January 11, 2023**, with the Pre-Trial Conference on **January 6, 2023**.

- On January 5, 2023, Mr. Teker filed his Motion to Withdraw and Appointment of New Counsel. By **January 5, 2023**, <u>35 days</u> had elapsed on the 45-day speedy trial clock.

- The filing of Mr. Teker's Motion on January 5, 2023, *tolled the speedy trial clock*, and despite Mr. Timblin being appointed on January 6, 2023, *the clock continued to be tolled* pending Attorney Timblin's review of the discovery in this case and to determine whether he could provide conflict-free representation to Defendant.

- On **January 10, 2023**, Mr. Timblin appeared for the continued pre-trial conference, but *had not yet spoken to or met the Defendant*, therefore, the Court vacated the jury selection and trial scheduled for **January 11** and continued the hearing for 3 days until **January 13, 2023**. *The clock was still tolled.*[3]

---

[3] See Minutes of Pre-Trial Hearing of January 13, 2023.

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **10 of 14**

- On **January 13, 2023**, Mr. Timblin continued assert his client's right to speedy trial, yet advanced an oral motion to dismiss this case for speedy trial violations. The Court ordered counsels to brief the Motion and ordered Mr. Timblin to file his Motion by close of business on January 13. ***The clock was still tolled.***

- Mr. Timblin filed his written Motion on **January 17, 2023**.

- The Court held a hearing on Defendant's Motion on **January 18**, and took the matter under advisement pursuant to pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam Administrative Rule.

- The issuance of this Decision and Order shall ***restart*** the speedy trial clock. Based upon the Court's calculation, only 35-days have elapsed since Mr. Teker filed his Motion; therefore, **ten (10) days** remain on the 45-day speedy trial clock.

This Court relies on *People v. Flores*, 2009 Guam 22, to justify the tolling of the speedy trial clock in order to secure conflict-free counsel for the Defendant. *Flores* involved the question of whether the appointment of new counsel was "good cause" to delay the asserted trial. The Guam Supreme Court found that "if the reason for the delay is to benefit the defendant because defense counsel needs additional time to prepare the case or to secure witnesses, the case can properly be continued." *Id.* at ¶ 36 (citing *People v. Super. Ct.*, 37 Cal. Rptr. 2d 729, 738 (Ct.App.1995)). The Guam Supreme Court found support in a Supreme Court of Arkansas case in which the court held that "when a delay results from the need for the appointment of new counsel, such appointment is excludable for good cause." *Id.* at ¶ 37 (quoting *Blackwell v. State*, 1 S.W. 3d 399 (Ark. 1999)). The court reasoned that "[t]he continuance was [] necessary to allow

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page 11 of 14

new counsel time to become familiar with the case and prepare for trial given the complexity of the case. [Defendant's] new counsel had to review three volumes of files, depositions from expert witnesses and other discovery. [Defendant] sought to benefit from the delay, and the delay was allowed in order to protect his rights." *Id.* at ⁋ 36. Similarly, the Defendant stands to benefit if his attorney is afforded time to review his case and prepare for trial.

It is noteworthy to mention that, although the Court did find the speedy trial clock to have been tolled pending Mr. Timblin's ability to meet with his client and to discuss the case and to determine whether he could continue to represent the Defendant, in an abundance of caution, and in order to "honor Mr. Charfauros's speedy trial" rights, the Court issued a Criminal Trial Scheduling Order setting trial for **January 23, 2023**. *Hrg. Minutes of 1/10/23 Pre-Trial Conference* at 9:58:48 AM and 10:01:05 AM (Jan. 10, 2023). See also, *Asserted Criminal Trial Scheduling Order* (Jan. 11, 2023). However, because Mr. Timblin, on Defendant's behalf, sought to dismiss this case on the basis of a purported speedy trial violation, the Court vacated the trial then set. Mr. Timblin agreed on the record that the motion to dismiss was dispositive and, therefore, tolled the speedy trial clock.

Thus, under the circumstances, the Court finds that the appointment of conflict-free indigent counsel for the Defendant following the unforeseen circumstances of Mr. Teker's father's death just days prior to the pre-trial conference on January 6, required the appointment of Mr. Timblin, who was the only other PAP attorney on the panel as of January 6, 2023. Mr. Timblin would then be required to take the matter to trial by January 11, except that the Court found good cause to vacate the jury trial in order to provide Mr. Timblin with an adequate and reasonable opportunity to run a conflict-of-interest check, review the discovery in the case, meet

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **12** of **14**

for the first time with his client and prepare sufficiently for trial. Yet, despite vacating the trial, the Court continued to hold hearings on January 6, January 10, January 13 and January 18, 2023, evidencing a desire to diligently administer the proceedings in this case.[4]

Except for this motion to dismiss being brought by the Defendant, this Court would have proceeded with the jury selection and trial of this matter as scheduled on January 23.[5] Thus, although Guam law places the burden on the courts, judicial officers and prosecuting attorneys to expedite criminal trials,[6] where the delay may be attributed to a Defendant's filing of a motion that is to his benefit, "a defendant must accept some reasonable delay as a consequence of filing a motion. . . ." *Nicholson* at p. 6, ¶26. For these reasons, the Defendant's Motion is **DENIED**.

B. **The issuance of the instant Decision and Order Starts the Speedy Trial Clock; Trial Shall be Scheduled for May 1, 2023.**

The Court having now ruled on Defendant's Motion to Dismiss for Speedy Trial violations denying relief and finding that the 45-day speedy trial clock has not fully elapsed, finds itself in a precarious situation where it must now schedule Jury Selection and Trial *immediately.*

---

[4] It is noteworthy to mention here that during a hearing on an unrelated matter, Mr. Timblin appeared as newly appointed counsel in that case and sought to be excused as he had, during the same time period as this instant case, been appointed by the court to over 20 cases in a two-week span, as he was the sole remaining available attorney on the PAP. He indicated that his case load was over burdensome and he was concerned that he would not be able to adequately defendant that indigent defendant. Shortly thereafter, Mr. Timblin sought approval from the Guam Supreme Court to be removed from the PAP, which removal was granted.

[5] This Court distinguishes the instant case from *People v. Nicholson*, 2007 Guam 9. *Nicholson* involved a delay that was attributed to the determination of a pre-trial motion to dismiss and, in finding that there was no good cause shown for the delay of Nicholson's trial and in ruling that his statutory speedy trial right had been violated, the Guam Supreme Court found that there was no good cause for the delay in ruling on the pending pre-trial motion. This case not only is distinguishable on its facts, but the Court now issuing its Decision and Order within the time standards prescribed by the Guam Supreme Court in the Administrative Rule and Local Rules supports a finding that the issuance is *per se* timely.

[6] 8 G.C.A. § 80.50(a) provides as follows: "(a) The welfare of the people of the territory of Guam requires that all proceedings in criminal cases shall be set for trial and heard and determined at the earliest possible time, and it shall be the duty of all courts and judicial officers and of all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice."

*People of Guam vs. Bruce Pascual Charfauros*, CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **13** of **14**

Consequently, the jury selection and trial of this matter shall be scheduled for **May 1, 2023 at 2:00 PM.** The Pre-Trial Conference shall be held *in person* on **April 28, 2023, at 2:00 PM.**

## IV.

## CONCLUSION

For the reasons set forth above, the Court orders that the Defendant's Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that the trial schedule of this matter shall be as follows:

PRE-TRIAL CONFERENCE: **April 28, 2023 at 2:00 PM IN PERSON**

JURY SELECTION AND TRIAL: **May 1, 2023 at 2:00 PM** [7]

**SO ORDERED** on the 26th day of April, 2023.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

---

[7] Although the Court has determined that 10 days remain on the speedy trial clock, because of the Court's current trial schedule, including another asserted speedy trial case currently scheduled for May 3, 2023, trial shall be held at the earliest possible time, which is May 1, 2023.

*People of Guam vs. Bruce Pascual Charfauros,* CF0686-22
Decision and Order Denying Motion to Dismiss for Speedy Trial Violations
Page **14 of 14**